NEW JERSEY BUILDERS ASSOCIATION, A NON-PROFIT CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT, v. BRENDAN T. BYRNE, GOVERNOR OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued May 9, 1979—Decided July 5, 1979.

*Mr. Stewart M. Hutt* argued the cause for appellant (*Messrs. Hutt, Berkow, Hollander & Jankowski,* attorneys; *Mr. Hutt* and *Mr. Norman Schulaner* on the briefs).

*Mr. John J. Degnan,* Attorney General of New Jersey, argued the cause for respondent (*Mr. Degnan,* attorney; *Mr.*

*Stephen Skillman,* Assistant Attorney General, of counsel; *Mr. Richard M. Hluchan,* Deputy Attorney General, on the brief).

*Mr. Franklin H. Berry, Jr.* submitted a brief on behalf of *amicus curiae* County of Ocean (*Messrs. Berry, Summerill, Piscal, Kagan & Privetera,* attorneys).

*Mr. William S. Singer* submitted a brief on behalf of *amici curiae* League for Conservation Legislation and New Jersey Public Interest Research Group (*Messrs. Fuerst & Singer,* attorneys).

*Mr. Anthony C. Liotta,* Deputy Assistant Attorney General, Department of Justice, submitted a brief on behalf of *amicus curiae* The United States of America (*Mr. Liotta,* attorney; *Mr. James W. Moorman, Mr. Edward J. Shawaker,* members of the District of Columbia Bar, and *Mr. Dirk D. Snel,* of counsel).

PER CURIAM. On February 8, 1979, Governor Brendan Byrne promulgated Executive Order No. 71 intended to further the comprehensive governmental planning scheme necessary for the development of an area of the State popularly known as the Pinelands Region. The Order contained several mandatory provisions governing the actions of administrative agencies and officials with responsibilities affecting this area. Among other things, the Executive Order imposed a temporary limitation upon the amount and types of construction projects which could be undertaken within the Pinelands. Specifically, that Order directed that

State approvals related to development and construction in the Pinelands shall be processed in the following manner:

(a) No State department or agency shall take final action on any application for financial assistance or for a grant, permit, certificate, license or other approval, now pending or hereafter submitted, for any development or construction within that area designated the

Preservation Area by the Pinelands Review Committee * * * unless the applicant demonstrates to the [Pinelands Planning] Commission that: (1) there exists a compelling public need for the development or construction, or (2) the denial of an approval would result in extraordinary hardship and the Commission by a two-thirds vote of its total membership so certifies to the issuing department or agency.

(b) No State department or agency shall take final action on any application for financial assistance or for a grant, permit, certificate, license or other approval, now pending or hereafter submitted, for any development or construction within that area designated the Pinelands National Reserve, * * * but excluding lands within the Preservation Area, unless the applicant demonstrates to the Commission that: (1) there exists a compelling public need for the development or construction, or (2) the denial of an approval would result in extraordinary hardship or (3) the development or construction for which an approval is requested is consistent with the intent, goals and objectives of this Executive Order and with those of the [National Parks and Recreation] act, and the Commission by a two-thirds vote of its total membership so certifies to the issuing department or agency. * * *

[Executive Order No. 71, §§ 4(a), (b)]

By the Order's express terms, the limitations cited above were to remain in effect.

[u]ntil the enactment of State legislation which is consistent with this Executive Order, or the approval by the [United States] Secretary of Interior of the comprehensive management plan for the Pinelands as set forth in the [National Parks and Recreation] act, or eighteen months from the date of this Executive Order, whichever is earlier[.]

[*Id.*, § 4]

On February 16, 1979, plaintiff New Jersey Builders Association filed a Notice of Appeal to the Appellate Division challenging the validity of the above cited provisions of the Executive Order. *R.* 2:2-3(a)(2). In plaintiff's view, Governor Byrne possessed no power, constitutional or otherwise, to limit construction in the Pinelands Region.

On March 6, 1979, while the matter was pending unheard in the Appellate Division, we directly certified the case to this Court on our own motion. Our reason for so doing was

that the Executive Order, by its express terms, might remain effective for as long as 18 months. Assuming that this Court ultimately declared the Order unconstitutional, the degree of hardship caused plaintiff and others similarly situated would increase proportionately with the length of time that elapsed before a judicial declaration of nullity. Accordingly, we decided that the matter should be disposed of as expeditiously as possible.

Thereafter, the Legislature passed the Pinelands Protection Act, a statute which imposes limits upon construction in the Pinelands Region consistent with those contained in the Executive Order. *See L.* 1979, *c.* 111. The effective date of the Act was June 28, 1979. Consequently, as of that date the prohibitions set forth in the Executive Order lapsed under its express terms. The issue here presented is therefore moot and this appeal dismissed.

We express no view as to the validity of the Order.

*For dismissal*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*Opposed*—None.